# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**SHELDON DEAN CHRISTOPHER WATT,**
Reg. #26435-018                                                                 **PLAINTIFF**

V.                          CASE NO. 2:16-CV-99-DPM-BD

**UNITED STATES OF AMERICA**                                      **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, the right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.    Discussion**

Mr. Watt, a federal inmate at the Federal Correction Institution in Forrest City, Arkansas ("FCI-FC"), filed this lawsuit without the help of a lawyer under the Federal Tort Claims Act ("FTCA"). Mr. Watt complains that he was not provided adequate medical care for his right knee.

The Defendant previously moved for summary judgment, which this Court recommended be granted. (#13, #21) In Mr. Watt's objections, however, he requested, for the first time, appointment of a medical expert. (#24) The Honorable D.P. Marshall Jr. referred this matter back to this Court to determine whether compelling circumstances support appointing an expert for Mr. Watt in this case. (#26) For reasons that follow, the Court finds that there are no compelling circumstances that would justify the appointment of an expert witness for Mr. Watt.

Federal statutes do not address or authorize the general distribution of federal funds to indigent parties for witness fees in civil litigation. See 28 U.S.C. § 1915 and *United States v. Means*, 741 F.2d 1053 (8th Cir. 1984). Even so, the Court of Appeals for the Eighth Circuit has concluded that a "district court may order the United States, as a party [to litigation], to advance the fees and expenses of lay and expert witnesses called by the court." *United States Marshals Service v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984)(relying on FED.R.EVID. 614(a) and 706(b), FED.R.CIV.P. 54(d), and 28 U.S.C. §§ 1920 and 2412). The *Means* Court specifically cautioned lower courts that such "discretionary power is to be exercised only under compelling circumstances." *Id.*

In *Spann v. Roper*, 453 F.3d 1007 (8th Cir. 2006) (per curiam), the Eighth Circuit determined than an indigent inmate was entitled to the appointment of a medical expert. The Court, however, noted compelling circumstances that supported its decision. In *Spann*, an inmate plaintiff filed a civil lawsuit under 42 U.S.C. § 1983 alleging that a nurse, after becoming aware that she had administered an overdose of prescription medication to him that was intended for another inmate, left Mr. Spann in his cell for

2

three hours. The lower court granted summary judgment in favor of the defendant nurse because Mr. Spann had not offered medical evidence regarding causation. The Eighth Circuit reversed, specifically noting that "a jury could find that the three-hour delay allowed the medication to fully enter Spann's system, whereas immediate medical attention would have enabled medical staff to pump Spann's stomach or take other action to remove the medication from Spann's system before it was totally absorbed." 453 F.3d at 1009. The Court further observed that it was "incongruous that the district Court denied Spann's motion for an expert witness and then granted summary judgment in part based on Spann's failure to provide verifying medical evidence that the delay had detrimental effects." *Id*.

Recently, this Court has considered the discretionary appointment of a medical expert in the context of the FTCA. See *Filpo v. United States*, Case No. 2:14cv140-DPM, 2016 WL 715941 (E.D. Ark. 2016); *Eaton v. United States*, Case No. 2:14cv00116-KGB, 2016 WL 1029485 (E.D. Ark. 2016); and *Rueben v. United States*, Case No. 2:13cv00033-DPM, 2014 WL 5460574 (E.D. Ark. 2014). In each of those cases, inmate plaintiffs alleged that they had suffered damages as a result of negligent medical care and delay in treatment. In each of those cases, the Court found no compelling circumstances to justify the appointment of a medical expert. Notably, in each of those cases, the inmate plaintiffs were routinely examined by medical personnel over a period of time. None of those cases involved conditions requiring emergent treatment.

3

In this case, as described in this Court's previous recommendation, Mr. Watt was regularly evaluated by medical personnel.[1] According to his medical records, Mr. Watt was seen at sick call eight times over a three-year time period for complaints of right-knee pain: January 24, 2013; April 23, 2013; June 7, 2013; June 26, 2013; July 11, 2014; January 26, 2015; March 13, 2015; and April 13, 2015. On February 28, 2013, Mr. Watt underwent an x-ray examination of his right knee that revealed no fracture or other abnormality. At his sick-call encounters on April 23, 2017, June 7, 2013, January 26, 2015, and April 13, 2015, Mr. Watt received prescription pain medication.[2] In addition, Mr. Watt underwent two MRIs of his right knee during the time period in question—one on August 8, 2013, and another on September 9, 2015. Finally, Mr. Watt underwent two surgical procedures in attempts to relieve the pain in his right knee.

On October 31, 2013, although no meniscal repair device was available for his right knee, a spinal needle was used to penetrate the meniscus to stimulate a healing response. In addition, on December 16, 2015, Mr. Watt underwent a right-knee scope and a right-knee arthroscopy to repair the torn meniscus in his right knee.

Following his surgery in December 2015, Mr. Watt indicated that his right-knee pain was "zero" on a ten-point scale. There are no other medical records indicating that Mr. Watt had other complaints regarding right-knee pain.

---

[1] For a more thorough summary of Mr. Watt's medical history, the Court refers to its previous Recommendation (#21).
[2] In addition, the Court notes that on August 8, 2013, and July 14, 2015, Mr. Watt's ibuprofen prescription was renewed, and on November 1, 2013, Mr. Watt was prescribed Tylenol #3 for seven days.

Based on this undisputed medical history, the Court cannot conclude that any compelling circumstances exist to justify the appointment of a medical expert.

### III. Conclusion

Because the negligence alleged by Mr. Watt is beyond the common knowledge of a juror, Arkansas law requires that Mr. Watt provide an expert's declaration or affidavit to support his claim. He has failed to provide any such evidence. As a result, the Court recommends that the Defendant's motion for summary judgment (#13) be RECONSIDERED and GRANTED. Mr. Watt's claims should be dismissed, with prejudice.

DATED this 16th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE